IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVYN D. STONE, JR, #0625900, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-708-E-BK |
| | § | |
| ERIC LABOVITZ, ET AL, | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I.      BACKGROUND

On March 28, 2022, Plaintiff Kevyn D. Stone, a pretrial detainee at the Tarrant County Jail, filed a complaint on the prisoner civil rights complaint form against (1) Eric Labovitz, his court appointed defense counsel, (2) the 396th Court, and (3) the Dallas County Jail. Doc. 3 at 1. Stone asserts that Labovitz, who is representing him on pending Tarrant County criminal charges, "made racial/derogatory remarks" towards Black Americans and stated  "Black Lives don't [sic] matter to him as well as he didn't care about George Floyds [sic] life." Doc. 3 at 5, 8. As a result, Stone alleges that Lavobitz "never file[d] a motion, gave me a copy of indictment, copy of police report, allow me to see video footage of my arrest, i.e. etc." Doc. 3 at 8.

According to Stone, the 396th Court also "refused to intervene once [it] was made aware" of the situation with Labovitz.  Doc. 3 at 4.

Stone also sues the Dallas County Jail for his purportedly unlawful conviction for possession "under a gram," on which he was sentenced to three years' imprisonment in 2001. Doc. 3 at 4-5, 8.  Stone further avers that the 2001 conviction is being used to enhance his pending criminal charges in Tarrant County.  Doc. 3 at 8.  By this action, Stone seeks monetary compensation.  Doc. 3 at 5.  He also contends that Labovitz should lose "his job for his racial bias."  Doc. 3 at 5.

As detailed below, Stone claims lack an arguable basis in law.  Therefore, this action should be dismissed as frivolous and for failure to state a claim.

II.    ANALYSIS

Because Stone is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must

be construed so as to do justice."). Even under the most liberal construction, however, Stone's complaint is frivolous and fails to state a claim.

First, Labovitz could not have been acting under color of law, as is required to establish a civil rights violation under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (holding public defender does not act under color of state law in representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). As such, Labovitz is not subject to suit under § 1983.

Second, to the extent Stone seeks to compel the judge of the 396th Court to remove Labovitz and appoint him a new counsel, his request lacks merit. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam); *see also Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

Third, insofar as Stone challenges his 2001 Dallas County conviction, his claim is not cognizable under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))). Constitutional challenges to state court convictions are generally cognizable only in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. § 2254.

### III.    LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint

before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the

Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"

*Id.* Stone's apparent claims are fatally infirm for the reasons outlined here. Based on the most

deferential review of his complaint, it is highly unlikely that, given the opportunity, he could

allege cogent and viable legal claims. Under these circumstances, the Court can only conclude

that he has already pled his best case and that granting leave to amend would be futile and cause

needless delay.

### IV.    CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH**

**PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 7, 2022.


_____

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).